IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JOHN KILPATRICK,                )
                                )
    Plaintiff,                  )
                                )        CIVIL ACTION NO.
    v.                          )         2:13cv953-MHT
                                )              (WO)
CRENSHAW COUNTY COMMISSION      )
and BENJAMIN H. SANDERS,        )
in his individual capacity      )
as County Engineer,             )
                                )
    Defendants.                 )
```

OPINION

Plaintiff John Kilpatrick brought this action pursuant to 42 U.S.C. § 1983, claiming that the defendants, the Crenshaw County Commission and County Engineer Benjamin H. Sanders, violated his civil rights in two ways. First, he claims that the defendants urged him to resign on account of his advanced age and fired him when he refused to do so. He frames this as an equal-protection claim, rather than as a claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634. Second, he claims that the defendants denied him the procedural due-process

protections prescribed by their own policy.  Kilpatrick seeks damages as well as injunctive and declaratory relief.  Jurisdiction is proper under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

This case in now before the court on the defendants' motion to dismiss both claims against them.  For the reasons that follow, that motion will be granted and this lawsuit dismissed in its entirety.

## I.  LEGAL STANDARD

In considering the defendants' motion to dismiss, the court accepts the plaintiff's allegations as true, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  To survive a motion to dismiss, a complaint need not contain "detailed factual

allegations," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  However, it must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 574.

## II.  FACTS

Kilpatrick's factual allegations, which the court accepts as true for the purposes of deciding the motion to dismiss, are as follows.

Kilpatrick had worked for defendant Crenshaw County Commission for 16 years when he was terminated in June 2012.  Most recently, he worked for six and a half years as a landfill operator under the auspices of the Crenshaw County Highway Department, which is headed by defendant Sanders.

In February 2012, Sanders informed Kilpatrick, who was then in his early eighties, that, if he did not retire, he would be fired because he was "just too old to continue working."  Complaint (doc. no. 1) at 3. Subsequently, Kilpatrick was "subjected to adverse

3

disciplinary actions by his immediate supervisor," until he received a letter informing him that his employment had been terminated, effective immediately.[1] Although he does not specifically state as much, it can be inferred from his factual allegations that the letter gave no reason for the dismissal.

Crenshaw County's personnel manual states in relevant part:[2]

> "When an anticipated disciplinary action involves a deprivation of an employee's right, such as suspension without pay or dismissal from service, the appointing authority will comply with the required due process requirements of these guidelines before the effective date of the proposed action. As a minimum the county's due process requirement will include the following:
>
> a. The employee will be notified by his/her appointing authority in

---

1. The nature of the alleged misconduct underlying these disciplinary actions is not specified either in the complaint or in the briefing on the motion to dismiss.

2. This quotation (which appears to include errors either in the original or else in the transcription) comes from Kilpatrick's complaint and not from any document in evidence.

4

>     writing before the effective date of
>     any proposed discipline:  (1) the
>     reason(s) for the proposed discipline;
>     (2) the proposed disciplinary action
>     to be taken and the effective date;
>     (3) of his/her right to due process
>     hearing; (4) of his/her right to
>     appear in person at the hearing and/or
>     to be represented by reasonable
>     representation of his/her choice; (5)
>     the date, time and place of such
>     hearing; (6) of the witnesses, if any,
>     to appear and/or right to ask
>     questions of such witnesses; (7) of
>     his/her right to respond to the
>     charges orally or in writing; and (8)
>     of his/her right to call individuals
>     to speak in his/her behalf.
>
>     b. The employee will have three (3)
>     working days in which to respond to
>     this notice...."

Id. (doc. no. 1) at 4-5.

Kilpatrick "avers that the defendants terminated him in contravention of their own policy." Id. at 5.


### III.  AGE DISCRIMINATION

Oddly, Kilpatrick initially described his firing as retaliation for his refusal to resign. Because he has framed this claim in his subsequent briefing as an age-discrimination claim, rather than as a retaliation

5

claim, and because it is much more logically considered as such, the court will proceed to address it this way.

The defendants argue that constitutional age-discrimination claims cannot be brought under § 1983; they argue that ADEA is the exclusive remedy.[3] They also argue that Kilpatrick's age-discrimination claim should be dismissed because he is precluded--by a state-court judgment in an unemployment-compensation proceeding finding that he was terminated for misconduct--from arguing that he was terminated for any other reason, such as his age. The court will dismiss Kilpatrick's claim based on the former argument, so it need not discuss the latter.

The court is, however, significantly hampered by Kilpatrick's counsel's abject failure to respond meaningfully to either of the defendants' arguments.

---

3. The defendants state in their motion to dismiss that Kilpatrick filed an EEOC charge, which was dismissed--without a finding that the defendants had violated ADEA--on October 1, 2012, and that he failed to file an ADEA claim within 90 days thereafter as required by 29 U.S.C. § 626(e). It seems, therefore, that he can no longer bring an action under ADEA.

6

Counsel's brief response to the argument that ADEA is the exclusive remedy for age discrimination is totally unhelpful: although it notes that the Supreme Court granted certiorari in a relevant case and then dismissed the writ as improvidently granted, it offers no substantive argument other than that "the law is not settled on age discrimination matters and thus the Court should not dismiss."[4]  Pl.'s Resp. (doc. no. 11) at 7.  Counsel would do well to recall that "the onus is on the parties [and not on the court] to formulate arguments...."  Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995).[5]

---

4.  Indeed, it appears that counsel has misconstrued the defendants' argument on this point as "that age discrimination is not prohibited by the Fourteenth Amendment as enforced by section 1983." Pl.'s Resp. (doc. no. 11) at 6.  Defendants argue not that the Equal Protection Clause does not forbid age discrimination, but that Congress, in passing ADEA, prescribed a comprehensive remedial scheme for vindicating both the statutory right it created as well as the pre-existing constitutional right to be free from age discrimination.

5.  Likewise, in his response to the defendants' preclusion argument, counsel states irrelevantly that "the plaintiff submits that he was denied an

Whether ADEA is the exclusive federal remedy for age discrimination is an open question in this circuit. However, the Eleventh Circuit (like the D.C. Circuit) has reached the narrower conclusion that ADEA is the exclusive remedy for age-discrimination claims brought by federal employees. Ray v. Nimmo, 704 F.2d 1480, 1485 (11th Cir. 1983) (citing Paterson v. Weinberger, 644 F.2d 521, 524-25 (5th Cir. 1981)); see also Chenareddy v. Bowsher, 935 F.2d 315, 318 (D.C. Cir. 1991) (citing a Fourth Circuit case reaching a broader holding).

Ray is not, though, easily extensible to the cover claims by plaintiffs who are not federal employees, because there exist other contexts (Title VII, for example) where a federal statutory scheme is the exclusive remedy only for federal, and not for other,

---

opportunity to fully and fairly litigate the defendants' denying him due process...." Pl.'s Resp. (doc. no. 11) at 6. But the defendants nowhere argue that Kilpatrick should be collaterally estopped from bringing his due-process claim, and counsel does not address the argument they do make--that Kilpatrick had a full and fair opportunity to, and actually did, litigate his age-discrimination claim.

employees. See Mummelthie v. Mason City, Ia., 873 F. Supp. 1293, 1316-17 (N.D. Iowa 1995) (Bennett, J.) (concluding, in part by analogy to Title VII and based on the legislative histories of both statutes, that ADEA is the exclusive remedy for age-discrimination claims by federal, but not for other, employees), aff'd on other grounds, 78 F.3d 589 (8th Cir. 1996).

Hence, the court must look to other courts of appeals for guidance. Although there is no controlling Supreme Court or Eleventh Circuit case law directly on point, the court concludes, in line with the overwhelming weight of authority, that the defendants are correct that Kilpatrick's age-discrimination claim can be brought only under ADEA.

Whether a federal statute precludes § 1983 claims turns on congressional intent, which can be inferred "[w]hen the remedial devices provided in a particular Act are sufficiently comprehensive." Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n, 453 U.S. 1, 20-21 (1981). Until 2012, every court of appeals to

9

consider the issue had held that the comprehensive remedial scheme enacted in ADEA is the exclusive remedy for age-discrimination claims; they found that "[i]t is implausible that Congress would have intended to preserve the private cause of action under § 1983 for age discrimination when that cause of action would severely undermine, if not debilitate, the enforcement mechanism created by Congress under the ADEA." Zombro v. Baltimore City Police Dep't, 868 F.2d 1364, 1366-69 (4th Cir. 1989), cert. denied, 493 U.S. 850 (1989); see also Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1057 (9th Cir. 2009); Tapia-Tapia v. Potter, 322 F.3d 742, 745 (1st Cir. 2003); Migneault v. Peck, 158 F.3d 1131, 1140 (10th Cir. 1998), vacated on other grounds sub nom. Bd. of Regents of Univ. of N.M. v. Migneault, 528 U.S. 1110 (2000); Lafleur v. Tex. Dep't of Health, 126 F.3d 758, 760 (5th Cir. 1997) (relying on the holding of Britt v. Grocers Supply Co., Inc., 978 F.2d 1441, 1448-49 (5th Cir. 1992)).[6]

---

6. Although the First Circuit's decision in

In Levin v. Madigan, however, the Seventh Circuit diverged, holding that § 1983 age-discrimination claims were not foreclosed by ADEA.  692 F.3d 607, 616 (7th Cir. 2012).  Admitting that it was a "close call," id. at 617, Levin relied on Fitzgerald v. Barnstable Sch. Comm., 555 U.S. 246 (2009), which held that Title IX does not preclude § 1983 sex-discrimination claims in the education context.  The Levin court reasoned that although ADEA "sets forth a comprehensive remedial scheme," 692 F.3d at 618, Fitzgerald required, and the court could not find, any "additional indication of congressional intent" to preclude § 1983 claims alleging violations of the constitutional, as opposed to statutory, right to be free from age discrimination, id. at 619-20.  According to Levin, "clear or manifest congressional intent in either the language of the statute or the legislative history" would be required.

―――――――――――――――――――――――――――――――――――――

Tapia-Tapia involved the analytically distinct age-discrimination claims of a federal rather than state, local, or private employee, it stated broadly and unequivocally that ADEA "provides the exclusive federal remedy for age discrimination in employment." 322 F.3d at 745.

Id. at 621. The court bolstered its conclusion by noting certain distinctions between ADEA and the Equal Protection Clause regarding who may sue and be sued under them. Id. at 621-22. The Supreme Court granted certiorari on this issue, 133 S. Ct. 1600 (2013), heard oral argument, and then dismissed the writ as improvidently granted, 134 S. Ct. 2 (2013).

Since Levin, another court of appeals has rejected its reasoning. Hildebrand v. Allegheny Cnty., 757 F.3d 99, 107-110 (3d Cir. 2014), cert. denied, 135 S. Ct. 1398 (2015). In Hildebrand, the Third Circuit disagreed with Levin's view that Fitzgerald "set[] a higher bar for inferring preclusive intent in cases where a plaintiff alleges a constitutional violation," id. at 107, concluding that it did not "disturb[] the basic principle that, absent indications to the contrary, we may infer that Congress intended to preclude § 1983 claims when it provides a sufficiently comprehensive remedial scheme for the vindication of a federal constitutional right," id. at 108-09. "[T]here

12

can be no debate that the ADEA provides a comprehensive remedial scheme," the court continued; it also found, contrary to Levin, "that the rights and protections of the ADEA and the Equal Protection Clause [do not] differ in such significant ways as to demonstrate congressional intent to allow parallel § 1983 claims alleging age discrimination," and that "the ADEA encompasses the protections afforded by the Fourteenth Amendment, while significantly expanding prohibitions on age discrimination elsewhere." Id. at 109.

In light of the complete absence of any substantive argument to the contrary from Kilpatrick, this court will follow the six courts of appeals to conclude that ADEA precludes plaintiffs like Kilpatrick from bringing age-discrimination claims under § 1983.

## IV. PROCEDURAL DUE PROCESS

Kilpatrick's procedural due-process claim will be dismissed as well. Kilpatrick contends that he was

13

fired without the notice and opportunity to be heard required by Crenshaw County's personnel manual.

As the Supreme Court has explained, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). "In applying [this doctrine], a distinction is drawn between cases in which a state process itself is challenged, and cases in which the procedures as applied are challenged. See Bell v. City of Demopolis, 86 F.3d 191, 192 (11th Cir. 1996) (distinguishing between a challenge to state procedure itself and a challenge to state procedure as applied). The significance of the distinction is that, when there is an unauthorized action by a state actor, the procedural due process violation does not become complete unless and until the state refuses to provide due process.

14

McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994)." Carter v. Harris, 64 F. Supp. 2d 1182, 1187 (M.D. Ala. 1999) (Albritton, J.).

Here, Kilpatrick contends not that Crenshaw County's pre-deprivation procedures, as outlined in its personnel manual, were inadequate; rather, his claim is that those procedures were not followed by the defendants in his case. However, he "cannot establish a constitutional violation if the state provided a meaningful postdeprivation remedy for his loss. Here, the state provides an adequate remedy through recourse to its judicial system." Lumpkin v. City of Lafayette, 24 F. Supp. 2d 1259, 1266 (M.D. Ala. 1998) (Albritton, J.); see also id. at 1265 ("[T]he Eleventh Circuit [has] noted that Alabama courts review employment termination proceedings 'both to determine whether they are supported by substantial evidence and to see that the proceeding comport with procedural due process.' [Bell, 86 F.3d at 192.] The Alabama courts were available to hear [the plaintiff's] claim that the city

15

officials failed to follow established procedures requiring notice and a hearing before his termination." (citations omitted)).  Moreover, to the extent that Kilpatrick is actually arguing that the defendants' failure to follow these procedures was, in and of itself, a constitutional violation, this argument clearly fails.  See Smith v. State of Ga., 684 F.2d 729, 732 n.6 (11th Cir. 1982) (explaining that a "state agency's failure to follow its own regulations, without more, [does not necessarily] offend[] due process").

    An appropriate judgment will be entered.

    DONE, this the 8th day of June, 2016.

                                           _ /s/ Myron H. Thompson_
                                       UNITED STATES DISTRICT JUDGE